UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | | |
|---|---|---|
| Gregory Dotson, *Pro Se*, | ) | |
| | ) | |
| Plaintiff | ) | Case No. 3:13-0119 |
| | ) | Judge Trauger/Brown |
| v. | ) | **Jury Demand** |
| | ) | |
| Roland Colson, *et al.*, | ) | |
| | ) | |
| Defendants | ) | |

## INITIAL CASE MANAGEMENT ORDER

Pursuant to Local Rule 16.01(d)(2), the following Initial Case Management Plan is adopted.

### I. JURISDICTION

This Court possesses subject matter jurisdiction over all causes in the above-styled action pursuant to 28 U.S.C. §§ 1331, 1343 and 1367. This Court possesses personal jurisdiction over all parties to the above-styled action, and venue in this Court is proper, pursuant to 28 U.S.C. § 1391. Defendants have waived sovereign immunity pursuant to the Tennessee Governmental Tort Liability Act, Tenn. Code Ann. § 29-20-101, *et seq.* ("GTLA").

### II. STATUS OF SERVICE OF PROCESS AND RESPONSIVE PLEADINGS

This action was originally filed as a Proposed Order to Show Cause on January 16, 2013. Defendants have been properly served. Answers have been

filed by all defendants. Defendant Corizon Medical Services has a pending Motion to Dismiss. (D.E. 35).

### III. MANDATORY INITIAL DISCLOSURES

Pursuant to Fed. R.Civ. P. 26(a)(1), Plaintiff and Defendants shall exchange their Initial Disclosures on or before **June 1, 2013**.

### IV. SCHEDULING

A. <u>Discovery</u>. Discovery is not stayed during dispositive motions, unless ordered by the Court. Local Rule 33.01(b) is expanded to allow **40 interrogatories**, including sub-parts. No motions concerning discovery are to be filed until after the parties have conferred in good faith and, unable to resolve their differences, have scheduled and participated in a conference telephone call with Magistrate .

B. <u>Factual Discovery</u>. Written discovery in this case—other than that of experts—shall be completed on or before **September 9, 2013**. All written discovery requests shall be served by the requesting party so that responses are due before the written discovery cutoff deadline. Depositions shall be completed on or before **November 1, 2013**.

C. <u>Discovery Motions</u>. All discovery motions, except those with regard to experts, shall be filed as soon as practical based upon the nature of the dispute, but no later than **December 2, 2013**, as to matters regarding the initial phase of discovery. All discovery motions must comply with the applicable requirements contained in Fed. R. Civ. P. 37 and LR 37.01.

D.   <u>Dispositive Motions</u>.  No motion for partial summary judgment shall be filed except upon leave of Court.  Any party wishing to file such a motion shall first file a separate motion that gives the justification for filing a partial summary judgment motion in terms of the overall economy of time and expense for the parties, counsel and the Court.  All dispositive motions shall be filed no later than **May 1, 2014**.  Responses to dispositive motions shall be filed within **28 days** after service. Briefs shall not exceed **25 pages** without leave of Court. Optional replies, limited to **five pages**, shall be filed within **14 days** after service of the response. If dispositive motions are filed early, the response and reply dates ae moved up accordingly.

E.   <u>Other Motions and Protective Order</u>.  Any other motions and/or protective orders (except motions *in limine* or motions related to trial matters) shall be filed no later than **120 days** before the trial date.

## V.  EXPERT WITNESS DISCOVERY

A.   <u>Expert Witness Disclosures</u>.  By the close of business on **January 3, 2014**, Plaintiff shall disclose to the Defendants (but not file with the Court) the identity of any expert witnesses and provide all the information specified for disclosure under Rules 26(a)(2).  By the close of business on **February 17, 2014**, each Defendant shall disclose to Plaintiff (but not file with the Court) the identity of any expert witnesses and provide all the information specified for disclosure under Rules 26(a)(2).

B.      Expert Witness Depositions.  The deadline for deposing any expert witness is **April 1, 2014**.

## VI.  RULE 26(f) DISCOVERY PLAN

The Parties agree to the following discovery plan:

A.      Changes to Initial Rule 26(a) Disclosures.  The parties do not see the need for alterations of any of the time periods set forth in Fed. R. Civ. P. 26(a). Plaintiff and Defendants shall exchange their Initial Disclosures on or before **June 1, 2013**.

B.      Subjects of Discovery.  Discovery in this case is anticipated to be relatively simple and should be completed according to the schedule set forth, *supra*.

C.      Issues About Disclosure or Discovery of Electronically Stored Information. Given the simplicity of discovery in this case, the default standard contained in Administrative Order No. 174 should not apply.

D.      Issues About Claims of Privilege.  The parties shall produce privilege logs as set forth in Rule 26((b)(5).  If the dissemination of any information protected from disclosure by such laws becomes an issue, the parties have agreed to prepare a procedure to assert these claims and govern the filing under seal of such information that is subsequently determined to be discoverable, and submit a proposed protective order memorializing the agreed procedure to the Court for approval.

E.      Limitations of Discovery.  The parties do not anticipate the need for additional restraints on the ordinary discovery rules in this case.

F.   Other Orders.  None at this time.

## VII.  JOINT MEDIATION REPORT

Before the close of discovery, the parties shall consult each other concerning the possibility of resolution through mediation. The parties shall file a joint mediation report on or before **May 1, 2014**.

## VIII.  OTHER DISPUTES THAT MAY DEVELOP

None anticipated at this time.

## IX.  THEORIES OF THE CASE

A.   Plaintiff's Theory:   On December 10, 2012, at approximately 8:30 a.m. at RMSI, while on the recreation yard and escorted by CPL Gibbs, after being placed inside the cages, I and other inmates had confrontations. I asked to be taken back to my cell, but the request was denied by the recreation officer.

Inmates started throwing urine and feces on my clothing and flesh and this went on for about 20 to 30 minutes. Then SGT Ken Ford came out to the C-Pod recreation yard and ignored my requests to be taken inside. He began to carry on a "secretive" conversation with the other inmates, then he left and came back with CAPT Horton and the "cert" team. CAPT Horton, without investigations, gave direct orders to take me to the dry cell, while on video. I was calm, polite, cooperative, and complying, and showing no form of aggression, nor did I possess any weapons on me or in my area.

After being taken to dry cell in B-111 I was completely stripped to my undershorts and was without mattress, sheets and blankets, hygiene, change of

clothes, toilet paper, lights, or heat. I was denied recreation, telephone privileges, and was without due process, etc. I was denied inmate advisor and/or due process rights under "Disciplinary Procedures." I was under much distress emotionally and physically, as well as pain from laying down on cold steel and concrete in the month of winter without heat. When requested for medical/mental health (denied) many times, I was fed three cold meals in a small paper sack for over 30 days and found glass and other particles on my sandwiches. I was harassed and treated unfairly and with deliberate indifference, discriminated against, and called nigger. Also my life was threatened several times by prison officers SGT Ford and CPL Gibbs. I was restrained of my liberty and due process, and I believe that these acts were unconstitutional as well as in violation of T.C.A. 41-1-103, officers and employees, oaths and affirmations; T.C.A. 41-1-104 warden, powers and duties were breached, medical/mental health were violated; T.C.A. 41-21-204(7)(2)(3) ; T.C.A. 41-21-203, hygiene; T.C.A. 41-21-201, warden, powers and duties.

The Warden is charged with the duty of treating the prisoners with humanity and kindness and protecting them from harsh and cruel treatment and overwork.

B.  <u>Defendant Corizon Inc.'s Theory</u>: Defendant Corizon, Inc., improperly named Corizon Medical Services, denies each and every allegation contained in the complaint. Defendant would assert that plaintiff fails to state any claims for denial of medical care or even a condition that would require medical care and

treatment. A threat of being denied medical care is not actionable as a violation under the Unites States Constitution. Assuming that the plaintiff has a claim for denial of medical care, where there is no allegation of participation by employer, the action fails to state a claim upon which relief can be granted. As such, this defendant has filed a Motion to Dismiss which legally supports their position.

C.      <u>Defendant Colson, Ford, Gibbs, Hall & Horton's Theory</u>: Defendants Colson, Ford, Gibbs, Hall and Horton deny each and every allegation contained in the complaint. Defendants would assert that the plaintiff is a violent and abusive inmate who has a lengthy disciplinary history including over 61 disciplinary charges. He is managed according to his behavior, which from time to time results in segregation or movement from cell to cell to accommodate the inmate's vandalism, violence and self destructive behavior. The plaintiff has never been deprived of food, water, clothing or any other basic necessity of life. Disciplinary action is taken in accordance with TDOC policies and reflects the inmate's own actions. He has not been punished out of retaliation or as a means of abuse by these defendants or any other prison employee. As such, the plaintiff fails to state a claim for relief and defendants intend on filing a dispositive motion which factually and legally supports their position.

## X. TRIAL

The trial in this matter is expected to last two days.

None of the parties have waived their respective rights to a jury trial and all have asserted such a right in the pleadings. This action shall be set for

jury trial. It is anticipated that the trial will take approximately two days to complete. A pretrial conference shall be held pursuant to the terms and provisions set forth in a separate Order. A proposed pretrial order shall be submitted at the pretrial conference.

## XI. NOTARIZATION

The Plaintiff advised that at times he had difficulties securing Notary services because he was in administrative segregation. Under 28 U.S.C. § 1749 the Plaintiff may add to the end of the document, which he has signed, the following statement:

> **I declare under penalty of perjury, under the laws of the United States of America, that the foregoing is true and correct.**
>
> **Executed on [date]**
>
>             **_____**
>             **[Signature]**

## XI. MOTIONS

When the Plaintiff wants the Court to do something, rather than writing a letter to the Court he should file a motion for the relief he wants. In his filing with the Court the Plaintiff should add at the end a statement that the Defendants have agreed to accept service through the ECF system and the Plaintiff has filed his pleading with the Court to be entered in the ECF system and sent to counsel for the Defendants.

The Plaintiff advised that due to administrative segregation and limited access to a law library he might need additional time to respond to

pleadings in this case. If the Plaintiff believes that he will need additional time to respond to a particular matter he is free to file a motion requesting additional time and stating the reason he needs additional time.

It is so **ORDERED.**

  /s/   Joe B. Brown
Joe B. Brown
United States Magistrate Judge