UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| GREGORY DOTSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 3:13-cv-0119 |
| v. ) | Judge Trauger/Magistrate Judge Brown |
| ) | Jury Demand |
| ROLAND COLSON, *et al.* ) | |
| ) | |
| Defendants. ) | |

**To: The Honorable Aleta A. Trauger, United States District Judge**

## REPORT AND RECOMMENDATION

Pending before the Court is Defendants' motion to dismiss or for summary judgment. (DE 83).[1] For the reasons stated below, the Magistrate Judge **RECOMMENDS** that all claims be **DISMISSED** as **MOOT**.

### I. FACTUAL AND PROCEDURAL HISTORY

At the time of the alleged incidents, Plaintiff was an inmate at the Riverbend Maximum Security Institute ("RMSI"). (DE 3, p. 1 ¶ 1). Currently, Plaintiff is confined at the West Tennessee State Penitentiary ("WTSP"). (DE 73). He proceeds *pro se* and *in forma pauperis*. On January 16, 2013, Plaintiff filed a proposed order to show cause, seeking a preliminary injunction issued against Defendants Colson, Ford, Gibbs, Hall, Horton, and Corizon Medical Services[2] due to alleged violations of the First, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution and corresponding sections in the Tennessee Constitution. (DE 1, 2).

Among Plaintiff's grievances were falsified disciplinary reports, harassment, excessive punishment without due process, cruel and inhumane treatment, denial of due process and court

---
[1] "DE" refers to Docket Entry.
[2] Corizon, Inc. was improperly named Corizon Medical Services. (DE 44, p. 6).

1

access, the threat of being denied medical care by Defendant Corizon, denial of access to legal assistance and legal materials, and denial of medical care. (DE 1, 2). Plaintiff further claimed that Defendant Ford harassed him and took away his privileges without cause, said he would kill Plaintiff, called Plaintiff a "nigger," fabricated grievance incidents, told others to treat Plaintiff differently, and ordered Plaintiff be fed finger foods. (DE 3). Plaintiff alleged that Defendant Ford and Defendant Gibbs both denied him "legal visits, attorney calls, legal materials, and inmate legal visits." (DE 3). Plaintiff additionally claimed he had not received hearings for his grievances, found spit and glass in his food, and had not had recreation, phone privileges, property, a mattress, hot water, clothes, or access to hygiene for thirty days. (DE 3). These three docket entries are hereinafter treated as Plaintiff's "complaint." The sole remedy sought in this complaint is a preliminary injunction. (DE 1, 2, 3).

The District Judge construed these claims as being brought pursuant to 42 U.S.C. § 1983 and referred the case to the Magistrate Judge. (DE 4, p. 1). Defendants Colson, Ford, Hall, and Horton answered Plaintiff's complaint on March 14, 2013 (DE 20), and Defendant Gibbs filed an answer on March 20, 2013. (DE 26). Defendant Corizon moved to dismiss Plaintiff's complaint on March 26, 2013. (DE 35). In response, Plaintiff filed several letters, expanding on the facts alleged in his complaint. (DE 37-39). On April 2, 2013, the Magistrate Judge instructed Plaintiff that the proper way to amend a complaint was through a motion. (DE 41). Plaintiff dismissed his complaint against Defendant Corizon with prejudice on May 8, 2013. (DE 46).

Plaintiff next sought leave to amend his complaint in January 2014 and later in March 2014. (DE 74, 79). Each motion to file an amended complaint was denied. (DE 75, 80). Defendants thereafter filed a motion to dismiss or for summary judgment, a supporting memorandum, affidavits , and a statement of undisputed material facts. (DE 83-87). Plaintiff

responded to Defendants' motion and Defendants' statement of undisputed material facts. (DE 88-90). The matter is properly before the Court.

## II. MOOTNESS

While federal courts have jurisdiction to hear ongoing cases and controversies, courts may no longer hear such actions when they become moot. *Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523, 1528 (2013) ("If an intervening circumstance deprives the plaintiff of a 'personal stake in the outcome of the lawsuit,' at any point during litigation, the action can no longer proceed and must be dismissed as moot.") (citation omitted); *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990) ("Under Article III of the Constitution, federal courts may adjudicate only actual, ongoing cases or controversies."); *Gawry v. Countrywide Home Loans, Inc.*, 395 F. App'x 152, 155 (6th Cir. 2010) ("'If a case in federal court loses its character as an actual, live controversy at any point during its pendency, it is said to be moot.' . . . Should that occur, 'the case is no longer within the jurisdiction of the federal courts, and therefore must be dismissed.'") (quoting *Pettrey v. Enter. Title Agency, Inc.*, 584 F.3d 701, 703 (6th Cir. 2009)).

Complaints of prison conditions and prison employees' actions are cognizable under § 1983, but upon the prisoner's transfer to another institution, his requests for injunctive relief may be rendered moot. *Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010) ("[A]ny declaratory or injunctive relief that Colvin seeks stemming from his complaint has been mooted by his transfer to a different prison facility."); *Henderson v. Martin*, 73 F. App'x 115, 117 (6th Cir. 2003); *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996) ("[T]o the extent Kensu seeks declaratory and injunctive relief his claims are now moot as he is no longer confined to the institution that searched his mail."); *Jackson v. Stoddard*, 1:13-CV-1297, 2014 WL 2862614, at *2 (W.D. Mich. June 24, 2014) ("It is well settled that a prisoner's transfer to a different facility moots his claims

arising from the particular conditions of confinement at his former prison."); *Street v. Rodriguez*, 12-13995, 2014 WL 840083, at *4 (E.D. Mich. Mar. 4, 2014) ("Because plaintiff is no longer subject to the care of the official he claims was denying him his constitutional rights, his request for injunctive relief is moot. . . . And because plaintiff has sought only injunctive relief, the entire case is moot.").

Plaintiff has not been granted leave to amend his original complaint in which he solely seeks injunctive relief. (DE 1, 2, 3). The cause of action accrued while Plaintiff was imprisoned in RMSI, and the allegations are against RMSI employees. (DE 1, 2, 3). Currently, Plaintiff is confined in WTSP, away from the alleged RMSI prison conditions and employee conduct. (DE 73). Under these circumstances, the Court is unable to grant the requested relief. His request for an injunctive relief is therefore rendered moot,[3] and since Plaintiff's complaint did not seek other forms of relief, the entire case is moot. Absent a "personal stake in the outcome" of this lawsuit, Plaintiff's claims should be dismissed. *Genesis Healthcare Corp.*, 133 S. Ct. at 1528 (citation omitted).

## III. RECOMMENDATION

For the reasons stated above, the undersigned **RECOMMENDS** that all claims be **DISMISSED** as **MOOT**.

---

[3] In some instances, a prisoner's transfer to another institution will not render his suit for injunctive or declaratory relief moot, but he must meet the following two requirements: "(1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there was a reasonable expectation that the same complaining party would be subjected to the same action again." *Demis v. Sniezek*, 558 F.3d 508, 516 (6th Cir. 2009) (quoting *Weinstein v. Bradford,* 423 U.S. 147, 149 (1975) (per curiam)). This mootness exception, referred to as the "capable of repetition yet evading review" exception, requires a "reasonable expectation" or "demonstrated probability" that the transferred prisoner would be subjected to the same complained-of prison conditions. *See Murphy v. Hunt*, 455 U.S. 478, 482 (1982); *Demis v. Sniezek*, 558 F.3d 508, 516 (6th Cir. 2009); *Howard v. Dougan*, No. 99-2232, 2000 WL 876770, at *2 (6th Cir. June 23, 2000) ("Howard's assertion that he might return to KCCF at an unknown future date does not fall within the exception to the mootness doctrine for matters 'capable of repetition, yet evading review'; such speculation simply does not constitute a reasonable showing that he will again be subjected to the conditions at KCCF."). Plaintiff has neither alleged similar or continuing violations at WTSP, nor has he shown a likely possibility of being transferred back to RMSI.

Within fourteen (14) days from receipt of this R&R, the parties may serve and file written objections to the findings and recommendations made herein. Fed. R. Civ. P. 72(b)(2). Parties opposing the objections must respond within fourteen (14) days from service of these objections. *Id.* Failure to file specific objections within fourteen (14) days of receipt of this R&R may constitute a waiver of further appeal. *Thomas v. Arn*, 474 U.S. 140, *reh'g denied*, 474 U.S. 1111 (1986).

**ENTERED** the 30th day of June, 2014,

/s/ Joe B. Brown
Joe B. Brown
United States Magistrate Judge